UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES PHARIS,

    Plaintiff,

v.                                          Case No:  6:12-cv-1748-Orl-37TBS

KIRKMAN MANAGEMENT, LLC and
HELEN KWOK,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery Responses from Defendant Kirkman Management, LLC d/b/a Rodeway Inn.  (Doc. 29).  On July 12, 2013 Plaintiff served his First Set of Interrogatories and First Request for Production of Documents on Defendant.  (Id. ¶ 1; Doc. 29-1).  After a month passed without response, Plaintiff's counsel emailed Defendant's counsel, Damian Ozark, on August 19 to ask about the status of Defendant's responses and to warn Defendant to expect a motion to compel if no responses were forthcoming.  (Doc. 29, ¶¶ 2, 3; Doc. 29-2).  Plaintiff's counsel called Mr. Ozark on August 29; Mr. Ozark didn't answer, so she left a message on his voicemail and sent him an another email.  (Doc. 29, ¶ 4).  Plaintiff's counsel called again on August 30 and was informed that Mr. Ozark was away and would not return to the office until September 10.  (Id., ¶ 5).  On September 10, Plaintiff's counsel called Mr. Ozark and told him that, unless Defendant's responses were served by September 17, she would file a Motion to Compel.  (Id., ¶ 6).  Hearing nothing from Defendant, on September 18, Plaintiff filed this motion.  (Id., ¶ 7).  Defendant has not responded to the motion and the time within to do so has passed.

Under the Federal Rules of Civil Procedure, a party has 30 days to respond to interrogatories and requests for the production of documents. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). Here, Defendant's responses to Plaintiff's interrogatories and requests for production were due no later than August 11. Federal Rule of Civil Procedure 6(b)(1)(b) states that the time within to complete an act may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect." Defendant has not filed a motion to serve overdue responses and has not shown excusable neglect for its failure to comply with the rules. This is sufficient to find a waiver. Paralikas v. Mercedes Benz LLC, No. Cv 07-0918 (ERK)(WDW), 2008 WL 111186 *1 (E.D.N.Y. Jan. 9, 2008); see also Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009) ("There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure."). Because Defendant has not timely responded or objected to the discovery requests or the motion to compel, it has waived any objections it may have. Therefore, the Court will grant Plaintiff's motion. Because Defendant has had more than two months to respond to Plaintiff's discovery there is no reason to allow Defendant any meaningful amount of additional time to fulfill its obligations.

Because the Court is granting Plaintiff's Motion to Compel, Plaintiff is entitled to his reasonable legal expenses, including attorney's fees incurred in making the motion. FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply here; Plaintiff attempted to confer with Defendant in good faith, the nondisclosure was not substantially justified, and no other circumstances make an award unjust. Id.

Now it is **ORDERED** that:

1. Plaintiff's Motion to Compel (Doc. 29) is **GRANTED**.

2. Within 7 days of the issuance of this Order, Defendant Kirkman Management, LLC d/b/a Rodeway Inn shall produce all documents responsive to Plaintiff's First Request for Production of Documents and shall fully respond to all of Plaintiff's First Set of Interrogatories, without objection.

3. Within 14 days of this Order, Plaintiff shall file his motion for an award of legal expenses including attorney's fees incurred in connection with this motion. Alternatively, the parties may stipulate in writing to the amount to be awarded Plaintiff.

    **DONE** and **ORDERED** in Orlando, Florida on October 9, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record