UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES PHARIS,

    Plaintiff,

v.                                                            Case No: 6:12-cv-1748-Orl-37TBS

KIRKMAN MANAGEMENT, LLC and
HELEN KWOK,

    Defendants.

## ORDER

Pending before the Court are Plaintiff's Motion to Compel Compliance with Court Order at Docket 30 and for Sanctions (Doc. 32) and Plaintiff's Motion for Attorney Fees (Doc. 33), both of which are due to be **GRANTED**.

### Background

These motions are related to an Order this Court entered on October 9, 2013. (Doc. 30). As the Court explained in that order,

> On July 12, 2013 Plaintiff served his First Set of Interrogatories and First Request for Production of Documents on Defendant [Kirkman Management, LLC]. ([Doc. 29] ¶ 1; Doc. 29-1). After a month passed without response, Plaintiff's counsel emailed Defendant's counsel, Damian Ozark, on August 19 to ask about the status of Defendant's responses and to warn Defendant to expect a motion to compel if no responses were forthcoming. (Doc. 29, ¶¶ 2, 3; Doc. 29-2). Plaintiff's counsel called Mr. Ozark on August 29; Mr. Ozark didn't answer, so she left a message on his voicemail and sent him an another email. (Doc. 29, ¶ 4). Plaintiff's counsel called again on August 30 and was informed that Mr. Ozark was away and would not return to the office until September 10. (Id., ¶ 5). On September 10, Plaintiff's counsel called Mr. Ozark and told him that, unless Defendant's responses were served by September 17, she would file a Motion to Compel.

> (Id., ¶ 6). Hearing nothing from Defendant, on September 18,
> Plaintiff filed [the motion to compel]. (Id., ¶ 7).

(Doc. 30, p. 1). In granting the motion to compel, the Court ordered Defendant Kirkman Management, LLC, d/b/a Rodeway Inn ("Kirkman"), to "produce all documents responsive to Plaintiff's First Request for Production of Documents" and to "fully respond to all of Plaintiff's First Set of Interrogatories, without objection" within 7 days. (Doc. 30, p. 3) The Court also directed Plaintiff to file a motion for attorney fees within 14 days, if the parties could not stipulate to the amount of fees. (Id.). On October 23, Plaintiff filed the pending motions. Kirkman has not responded to either of these motions, and the time for doing so has expired.

## Discussion

A. Motion to Compel

In support of the Motion to Compel (Doc. 32), Plaintiff states that, on October 17, counsel for Plaintiff called counsel for Defendants[1] to inquire as to the requested documents and interrogatory responses, which Kirkman had failed to produce in accordance with the Court's order. (Id., p. 2). Counsel for Defendants responded that he had never seen the order.[2] (Id.). Later that day, Defendants' counsel sent two emails to Plaintiff's counsel, attached to which were documents Defendants had already produced. (Id., p. 3; Doc. 32-2). According to Plaintiff, the Documents were not Bates stamped or organized by request and "do not represent the complete set of responsive documents.

---

[1] Plaintiff's previous motion to compel sought documents only from Defendant Kirkman Management LLC, and the Court's order was directed specifically at that Kirkman and not Helen Kwok, who is also a defendant in this case. Plaintiff's current motion, however, refers to and seeks relief from defendants generally. Ms. Kwok cannot be faulted for violating an order directed at someone else, and there is no evidence that she has failed to answer interrogatories directed at her rather than Kirkman. Therefore, the Court will direct this order to Kirkman only. Both defendants are represented by the same attorney.

[2] The Court notes that the counsel's email address designated in ECF is the same one that he used to communicate with counsel for Plaintiff.

- 2 -

(Doc. 32, p. 3). Kirkman has also failed to respond to Plaintiff's interrogatories. (Id.). Before Plaintiff filed the pending motions, Kirkman filed, without explanation, a copy of its responses to Plaintiff's requests for production of documents. (Doc. 31). The following day, the Court struck this filing for violating Rule 5(d)(1) of the Federal Rules of Civil Procedure and Local Rule 3.03(d). (Doc. 32).

Based on the undisputed allegations in Plaintiff's motion and the exhibits attached to the motion, the Court finds that Kirkman has violated the Court's Order by failing to produce responsive documents and failing to respond to Plaintiff's interrogatories. When a party fails to obey a discovery order, the Court may issue "further just orders" including directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses or introducing designated matters into evidence, striking pleadings, staying proceedings until the order is obeyed, dismissing the case or entering default judgment against the noncomplying party, and treating the party's failure to obey as contempt. FED. R. CIV. P. 37(b)(2)(A). In addition, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Here, the Court will again order Kirkman to produce the requested discovery, which was first requested four months ago, within 7 days. It will also order Kirkman and its attorney, Mr. Damian Michael Ozark, to show cause in writing within 7 days from the rendition of this Order why they should not be held in contempt for disobeying the Court's October 9 Order (Doc. 30). Finally, the Court finds that Kirkman's noncompliance with its

order was not substantially justified and that no circumstances would render an award of expenses in connection with the pending Motion to Compel (Doc. 32) unjust.

B.  Motion for Attorney Fees

Plaintiff's Motion for Attorney Fees seeks to recover $840 in fees incurred in filing his earlier motion to compel (Doc. 29). (Doc. 33, p. 2). Counsel for Plaintiff indicates that her hourly rate is $300 and that she spent 1.1 hours drafting the motion to compel and 1.7 hours drafting the fee motion. (Id.). Counsel for Defendants did not respond to Plaintiff's attempts to confer pursuant to Local Rule 3.01(g). (Id., p. 3; Doc. 33-3).

Rule 37 of the Federal Rules of Civil Procedure typically entitles a party who successfully moves to compel discovery to "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, a Court must not award fees and costs if the movant failed to attempt to resolve the dispute in good faith prior to filing the motion, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust. Id. Plaintiff prevailed on his Motion to Compel, and this Court has ruled that none of the three exceptions to Rule 37(a)(5)(A) apply. (Doc. 30, p. 2).

In the Eleventh Circuit, courts must use the lodestar approach in order to determine reasonable attorney fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart,

461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Defendant may meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

The Court finds that Plaintiff's $300 hourly rate, which Defendant has not disputed, is reasonable. The Court finds that the hours claimed, which are also undisputed, are likewise reasonable. Therefore, Plaintiff is entitled to recover fees for 2.8 hours of attorney time at $300 per hour, for a total of $840 which is taxed against Defendant Kirkman Management, LLC.

## Conclusion

Upon consideration, it is **ORDERED** that:

1. Plaintiff's Motion to Compel Compliance with Court Order at Docket 30 and for Sanctions (Doc. 32) and Motion for Attorney Fees (Doc. 33) are **GRANTED**.

2. Within 7 days of the issuance of this Order, Defendant Kirkman Management, LLC d/b/a Rodeway Inn shall produce all documents responsive to Plaintiff's First Request for Production of Documents and shall fully respond to all of Plaintiff's First Set of Interrogatories, without objection.

3. Within 7 days of the issuance of this order, Defendant Kirkman Management, LLC and its attorney, Mr. Damian Ozark, shall show cause in writing why they should not be held in contempt for violating the Court's October 9, 2013 Order (Doc. 30).

4. Plaintiff is hereby awarded $840 in attorney fees incurred in filing its previous motion to compel (Doc. 29) and pending fee motion (Doc. 33).  Defendant Kirkman Management is liable for the fee award and shall pay Plaintiff attorney fees in the amount of **$840.**

5. Within 14 days of the issuance of this Order, Plaintiff shall file his motion for an award of legal expenses including attorney fees incurred in connection with this motion.  Alternatively, the parties may stipulate in writing to the amount to be awarded to Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record